1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 LINDA ANDRADE, individually and on behalf of all others similarly situated; and LILIANA AVILA, individually and on behalf of all others similarly situated, | Case No.: 12-CV-2724 JLS (MDD) |
| 12 | **ORDER: (1) DENYING DEFENDANT'S RENEWED MOTION TO VACATE ARBITRATION CLAUSE CONSTRUCTION AWARD; AND (2) DENYING AS MOOT DEFENDANT'S MOTION FOR STAY OR, IN THE ALTERNATIVE, TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |
| 13 | |
| 14                                        Plaintiffs, | |
| 15 v. | |
| 16 P.F. CHANG'S CHINA BISTRO, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | |
| 17 | |
| 18                                        Defendants. | |
| 19 | |
| 20 | (ECF Nos. 70, 75) |

21

22       Presently before the Court are Defendant P.F. Chang's China Bistro, Inc.'s Renewed

23  Motion to Vacate Arbitration Clause Construction Award [9 U.S.C. § 10] (Renewed Mot.

24  to Vacate, ECF No. 70) and *Ex Parte* Application for Stay or, in the Alternative, Temporary

25  Restraining Order and/or Preliminary Injunction (Mot. to Stay, ECF No. 75).  Also before

26  the Court are Plaintiffs' Linda Andrade and Liliana Avila's Opposition to (ECF No. 72)

27  and Defendant's Reply in Support of (ECF No. 73) the Renewed Motion to Vacate.  The

28  Court vacated the hearing on the Renewed Motion to Vacate and took these matters under

1

1  submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  (ECF No. 74.)

2  Having considered the parties' arguments and the law, the Court **DENIES** Defendant's

3  Renewed Motion to Vacate (ECF No. 70) and **DENIES AS MOOT** Defendant's Motion

4  to Stay (ECF No. 75).

5  **BACKGROUND**

6  On November 7, 2012, Plaintiffs filed the initial class action complaint in this matter,

7  alleging that Defendant engaged in unfair competition and provided its employees with

8  deficient wage statements.  (ECF No. 1.)  Subsequently, on December 12, 2012, Plaintiffs

9  filed an amended complaint, which included a new, Private Attorney General Act (PAGA)

10  claim.  (ECF No. 8.)  On December 20, 2012, Defendant "move[d] this Court to compel

11  all of Plaintiffs['] . . . individual claims to arbitration pursuant to [Defendant]'s Dispute

12  Resolution Policy [(DRP)] . . . ."  (ECF No. 11 at 2.[1])  Plaintiffs opposed the motion to

13  compel arbitration, partially on the ground that the DRP's prohibition of PAGA

14  representative claims rendered the arbitration agreement illegal and unenforceable.  (ECF

15  No. 18 at 15–17.)  The Court rejected this argument and concluded that the arbitration

16  agreement was enforceable even though it required Defendant's employees to waive their

17  representative PAGA claims.  (ECF No. 24.)

18  On September 6, 2013, Plaintiffs moved for re-consideration, arguing that the Court

19  should not exercise supplemental jurisdiction over the PAGA claims due to public policy

20  considerations.  (ECF No. 27 at 6–8.)  The Court rejected Plaintiffs' argument and affirmed

21  its previous ruling.  (ECF No. 36.)  Subsequently, the matter proceeded to arbitration before

22  the Honorable Eli Chernow (retired).  (Decl. of John S. Battenfeld (Battenfeld Decl.) ¶ 3,

23  ECF No. 70-2.)

24  On June 26, 2014, the California Supreme Court issued an opinion in *Iskanian v.*

25  *CLS Transportation*, 59 Cal. App. 4th 348 (2014), in which it held that "an arbitration

26

27

28  ---

[1] Pin citations to docketed materials refer to the CM/ECF page numbers electronically stamped at the top of the page.

agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy." *Id.* at 360. The California Supreme Court further concluded that "the [Federal Arbitration Act (FAA)] does not preempt a state law that prohibits waiver of PAGA representative actions in an employment contract." *Id.* Thereafter, on August 29, 2014, Plaintiffs filed a Motion for Clause Construction Award with the Arbitrator, asking him to vacate this Court's previous orders as erroneous under *Iskanian* and either permit arbitration of Plaintiffs' PAGA claim on a representative basis or return the PAGA claim to this Court. (Battenfeld Decl. ¶ 4, ECF No. 70-2; *see also* Battenfeld Decl. Ex. 1, ECF No. 70-2 at 8–26.) On October 16, 2014, the Arbitrator granted Plaintiffs' motion, finding (1) the Arbitrator rather than this Court could decide the validity of any class or representative action waiver, and (2) the DRP's language barring Plaintiffs from pursuing arbitration of representative claims was invalid as against public policy. (Battenfeld Decl. ¶ 4, ECF No. 70-2; *see also* Battenfeld Decl. Ex. 4, ECF No. 70-2 at 65–70.)

On November 10, 2014, Defendant filed its first Motion to Vacate Arbitration Clause Construction Award pursuant to 9 U.S.C. § 12 in this Court. (ECF No. 44.) The Court denied the motion without considering the merits on the ground that extreme circumstances did not warrant review of a non-final arbitral award. (ECF No. 64 at 6.)

Plaintiffs subsequently moved in arbitration to file a second amended complaint (SAC) adding eight new representative PAGA claims. (Battenfeld Decl. ¶ 7, ECF No. 70-2; *see also* Battenfeld Decl. Ex. 5, ECF No. 70-2 at 71–92.) Plaintiff Avila also sought discovery based on the new PAGA claims Plaintiffs sought to add, to which Defendant objected. (Battenfeld Decl. ¶ 8, ECF No. 70-2.) Consequently, Defendant filed a brief with the Arbitrator asking him to strike the new PAGA claims (Battenfeld Decl. ¶ 9, ECF No. 70-2; *see also* Battenfeld Decl. Ex. 6, ECF No. 70-2 at 93–106), which the Arbitrator denied (Battenfeld Decl. ¶ 9, ECF No. 70-2; *see also* Battenfeld Decl. Ex. 7, ECF No. 70-2 at 107–08). Defendant then moved to eliminate or postpone PAGA representative discovery (Battenfeld Decl. ¶ 10, ECF No. 70-2; *see also* Battenfeld Decl. Ex. 8, ECF No.

70-2 at 109–22) and requested leave to file a motion for summary judgment to dismiss the new representative PAGA claims in Plaintiffs' SAC (Battenfeld Decl. ¶ 10, ECF No. 70-2; *see also* Battenfeld Decl. Ex. 9, ECF No. 70-2 at 123–31).  The Arbitrator denied Defendants' motions.  (Battenfeld Decl. ¶ 10, ECF No. 70-2; *see also* Battenfeld Decl. Ex. 10, ECF No. 70-2 at 132–33.)  Plaintiffs have since engaged in discovery with which Defendants have complied, including a Rule 30(b)(6) deposition and written discovery. (*See* Battenfeld Decl. ¶¶ 11–12, ECF No. 70-2; *see also* Battenfeld Decl. Ex. 11, ECF No. 70-2 at 134–45.)  Plaintiffs have also moved to compel the production of additional documents and Rule 30(b)(6) witnesses.  (*See* Battenfeld Decl. ¶¶ 13, 16, ECF No. 70-2; *see also* Battenfeld Decl. Ex. 12, ECF No. 70-2 at 146–55.)  This discovery, as well as the briefing and hearings before the Arbitrator, have caused Defendant to incur over $350,000 in attorney's fees and over $50,000 in fees paid to the Arbitrator.  (Battenfeld Decl. ¶¶ 19–20, ECF No. 70-2.)  Consequently, Plaintiffs filed the instant Renewed Motion to Vacate on June 13, 2016.  (ECF No. 70.)

Because the arbitration is now scheduled to begin on August 8, 2016 (*id.* at ¶ 20), Defendant filed the instant Motion to Stay on July 25, 2016, asking the Court to stay the representative arbitration or, alternatively, issue a temporary restraining order and/or an order to show cause regarding the issuance of a preliminary injunction to stay the arbitration from proceeding while the Renewed Motion to Vacate is pending (Mot. to Stay Mem. 9, 21, ECF No. 75-1).

## MOTION TO VACATE

### I.     Legal Standard

A district court has jurisdiction "to vacate or enforce a labor arbitration award." *Millmen Local 550, United Bros. of Carpenters and Joiners of America, AFL-CIO v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987) (citing *Gen. Drivers Local Union No. 90 v. Riss & Co.*, 372 U.S. 517, 519 (1963); *Kemner v. Dist. Council of Painting & Allied Trades No. 36*, 768 F.2d 1115, 1118 (9th Cir. 1985)).  "[T]he United States court in and for the district wherein the award was made may make an order vacating the award upon

1    the application of any party to the arbitration . . . [¶] where the arbitrators exceeded their

2    powers . . . ." 9 U.S.C. § 10.

3        "Historically, for an arbitration award to be subject to judicial review, it must be

4    final and binding as to all of the issues presented to the arbitrator." *Chinmax Med. Sys.*

5    *Inc. v. Alere San Diego, Inc.*, No. 10cv2467 WQH (NLS), 2011 WL 2135350, at *4 (S.D.

6    Cal. May 27, 2011) (citing *Millmen*, 828 F.2d at 1375; *New United Motor Mfg., Inc. v.*

7    *United Auto Workers Local 2244*, 617 F. Supp. 2d 948, 954 (N.D. Cal. 2008)).  "An

8    [arbitral] award is 'mutual, definite, and final' under § 10(a)(4) [of the FAA] if it resolves

9    all issues submitted to arbitration, and determines 'each issue fully so that no further

10   litigation is necessary to finalize the obligations of the parties.'" *New United Mfg., Inc.*,

11   617 F. Supp. 2d at 954 (quoting *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*,

12   102 F.3d 677, 686 (2nd Cir. 1996)).  "The Ninth Circuit has said that because of the

13   Congressional policy favoring arbitration when agreed to by the parties, judicial review of

14   *non-final* arbitration awards should be indulged, if at all, only in the most extreme cases."

15   *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022 (9th Cir.

16   1991) (emphasis in original) (citing *Millmen*, 828 F.2d at 1377; *Sunshine Mining Co. v.*

17   *United Steelworkers*, 823 F.2d 1289, 1295 (9th Cir. 1987); *Aerojet-Gen. Corp. v. Am.*

18   *Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973)).  "The basic purpose of arbitration is

19   the speedy disposition of disputes without the expense and delay of extended court

20   proceedings." *Aerojet-Gen. Corp.*, 478 F.2d at 251 (citing *Saxis Steamship Co. v. Multifacs*

21   *Int'l Traders, Inc.*, 375 F.2d 577, 582 (2d Cir. 1967)).

22   **II.    Analysis**

23       For the second time, defendant asks the Court to review the Arbitrator's non-final

24   decision on Plaintiff's Motion for Clause Construction Award.  The Court again declines

25   to review the Arbitrator's clause construction award at this stage.

26       The Court reiterates that, as a general rule, arbitration awards must be final prior to

27   judicial review absent an extreme circumstance. *See Pac. Reinsurance Mgmt. Corp.*, 935

28   F.2d at 1019; *Chinmax Med. Sys*, 2011 WL 2135350, at *4.  Defendant argues that

12-CV-2724 JLS (MDD)

"[w]ithout [interim] review, [Defendant] has suffered and will continue to suffer irreparable harm by being forced to incur significant time, expense, and discovery burdens over 'representative' claims that the parties agreed would not be subject to arbitration." (Renewed Mot. to Vacate Mem. at 12, ECF No. 70-1 (emphasis in original).) But "cost and delay alone do not constitute the sort of 'severe irreparable injury' or 'manifest injustice' that could justify such a step." *In re Sussex*, 781 F.3d 1065, 1075 (9th Cir.) (citing *Aerojet-Gen. Corp.*, 478 F.2d at 251), *cert. denied*, 136 S. Ct. 156 (2015). Accordingly, the Court **DENIES** Defendant's Renewed Motion to Vacate. (ECF No. 70.)

### MOTION TO STAY

Defendant also asks the Court to stay the arbitration or, alternatively, to issue a temporary restraining order and/or preliminary injunction to stay the arbitration pending the Court's ruling on Defendant's Renewed Motion to Vacate. (*See* Mot. to Stay 5, ECF No. 75; *see also* Mot. to Stay Mem. 9, 21, ECF No. 75-1.) Because the Court has denied Defendant's Renewed Motion to Vacate, the Court **DENIES AS MOOT** Defendant's Motion to Stay. (ECF No. 75.)

### CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Renewed Motion to Vacate (ECF No. 70) and **DENIES AS MOOT** Defendant's Motion to Stay (ECF No. 75).

**IT IS SO ORDERED.**

Dated: August 2, 2016

Hon. Janis L. Sammartino
United States District Judge

6

12-CV-2724 JLS (MDD)